Maurice E. BAKER et al., Appellants,

v.

CENTRAL INTELLIGENCE AGENCY et al.

No. 77–1228.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 17, 1978.

Decided May 24, 1978.

---

Marion Edwyn Harrison, Washington, D.C., for appellants.

John F. Cordes, Atty., Dept. of Justice, with whom Earl J. Silbert, U. S. Atty., Barbara Allen Babcock, Asst. Atty. Gen. and Leonard Schaitman, Atty., Dept. of Justice, Washington, D.C., were on brief, for appellees.

Before WRIGHT, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

Opinion for the court filed by TAMM, Circuit Judge.

TAMM, Circuit Judge:

This appeal arises from the granting of summary judgment for the appellee Central Intelligence Agency in a suit brought in the United States District Court for the District of Columbia under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). For the reasons stated below, we affirm the district court's decision that the documents requested by appellants were properly withheld by appellee under exemption 3 of the FOIA.[1]

## I

■ Appellants are six former employees[2] of the Central Intelligence Agency (CIA), whose employment was terminated because they were considered "surplus" to the efficient functioning of the Agency. As pertinent to this appeal,[3] they made an FOIA request to the CIA for the following documents:

1. The three sections of Headquarter Regulations which deal with hiring or discharging employees, together with any portions of the remaining six sections which relate to transfer of employees within CIA, if any such there be.

2. Vacancy Notices other than those relating to job descriptions completely and patently requiring specialized skills which we unmistakably lack—as, for example, linguistic skill or an additional professional degree or license.[4]

Basing its decision on exemptions 1, 2, and 3 of the FOIA, the CIA denied appellants' request for the documents.[5] Appellants sought relief from the CIA's denial by bringing suit in the district court under 5 U.S.C. § 552(a)(4)(B) (1976) to enjoin the withholding of the records and to order their production.[6]

On cross motions for summary judgment, based on the pleadings, supporting documents, and an affidavit from F. W. M.

---

**1.** 5 U.S.C. § 552(b)(3) (1976).

**2.** Specifically, appellants were employed as graphics editors and coordinators, data processors, photographic analysts, and physicists. Appendix (App.) at 53–68; Brief for Appellants at 15.

**3.** The original FOIA request, directed to the CIA by appellants' attorney, sought the following documents:

   1. CIA Regulation HR20–27, revised March 31, 1970, and any subsequent revision, amendment, supplement or supersession thereof.

   2. Each and every other regulation, statement of policy, guideline, manual or other writing applicable to personnel matters during the period commencing March 31, 1970 and terminating with the date of your release of information.

   3. Each and every press release, memorandum, notice, bulletin or other writing posted, published or otherwise disseminated in a general way (as distinguished from a particular communication in a particular personnel action) relating to any writing described in ¶ 1 or ¶ 2, supra.

App. at 14. On appeal to the CIA's Information Review Committee from the initial denial of the request, HR20–27 was released. *Id.* at 22. Thereafter, the appellants refined the scope of their request. *Id.* at 24.

**4.** *Id.* Appellants desired the regulations and notices in order to explore the possibility of litigation with the CIA over their termination. *Id.* at 8–9. Under the FOIA, however, the interests and needs of the requesting party are irrelevant. *Soucie v. David,* 145 U.S.App.D.C. 144, 154, 448 F.2d 1067, 1077 (1971).

**5.** App. at 28–29, 31–32.

**6.** *Id.* at 6–33. Appellants had filed a complaint against appellee earlier, based on the CIA's rejection of their attorney's broad request for personnel information, noted above. Record Entry 1; *see* note 3 *supra.* After subsequent denial of their own, more limited request, they amended their original complaint, and it was on the basis of this amended complaint and the supporting documents that the trial court acted.

Janney, Director of the Office of Personnel at the CIA, the district court (Flannery, J.) ordered judgment entered for the appellee. In doing so, the court held that the documents were properly withheld under exemption 3 of the FOIA, § 552(b)(3), which, at that time, provided that the FOIA's disclosure requirements did not apply to matters "specifically exempted from disclosure by statute."[7] The court found that 50 U.S.C. § 403g (1970) (section 6 of the Central Intelligence Agency Act of 1949) qualified as an exemption 3 statute, that the requested documents fell within its ambit, and that no in camera inspection of the documents was required to search for segregable non-exempt materials.[8] We are now called upon to review this order and decision of the district court.

## II

■ In 1976, Congress amended exemption 3 of the FOIA to make more specific the type of statute necessary to insulate materials from the Act's liberal disclosure requirements.[9] Although appellants contend that 50 U.S.C. § 403g (1970) does not qualify under the new and more restrictive legislative standards,[10] it is now clear, from recent decisions of this court, that section 403g is an exempting statute within the meaning of 5 U.S.C. § 552(b)(3), both as originally enacted and as amended. *Goland v. CIA*, No. 76–1800, slip op. at 18–19 (D.C. Cir. May 23, 1978); *Weissman v. CIA*, 184 U.S.App.D.C. 117, 119, 565 F.2d 692, 694 (1977); *see Phillippi v. CIA*, 178 U.S.App. D.C. 243, 249, 546 F.2d 1009, 1015 n. 14 (1976).

The question therefore becomes whether the requested documents—hiring and discharging regulations and vacancy notices—

fall within the protective scope of section 403g. That statute provides, in part, as follows:

In the interests of the security of the foreign intelligence activities of the United States and in order further to implement the proviso of section 403(d)(3) of this title that the Director of Central Intelligence shall be responsible for protecting intelligence sources and methods from unauthorized disclosure, the Agency shall be exempted from the provisions of section 654 of Title 5, and the provisions of any other law which require the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency  .   .  . .

■ Appellants argue that, in order for materials to fall within this statute, the CIA must first show that the personnel information requested is related to foreign intelligence activities or to intelligence sources and methods. Since the jobs from which they were terminated and the information which they have requested arguably do not involve such matters, they contend that section 403g does not authorize the CIA to withhold the documents.[11] Appellee, on the other hand, argues that the CIA is not required to make an initial showing of a nexus between the information requested and security or intelligence interests in order to withhold personnel records under section 403g. The introductory clause of that statute, it contends, is merely a statement of congressional purpose and represents a legislative determination that the withholding of information concerning the CIA's internal structure will serve to protect the security of intelligence activities, sources, and methods.[12] We agree with the appellee's interpretation of section 403g.

---

**7.** 5 U.S.C. § 552(b)(3) (1970).

**8.** *Baker v. CIA*, 425 F.Supp. 633, 635–36 (D.D.C.1977).

**9.** Act of Sept. 13, 1976, Pub.L. No. 94–409, § 5(b), 90 Stat. 1247 (codified at 5 U.S.C. § 552(b)(3) (1976)). The section now provides that an exempting statute must have a nondiscretionary requirement for the agency to withhold certain matters, or must establish particular criteria for such withholding or refer to particular types of matters to be withheld.

**10.** Brief for Appellants at 5–13.

**11.** *Id.* at 13–19.

**12.** Brief for the Appellees at 15–16.

The plain meaning of the statute supports this view. There is certainly no specific requirement that the CIA make a preliminary showing that the disclosure of the personnel information will in fact jeopardize the functioning of the Agency. There is simply a preliminary pronouncement of the purpose of the enactment and then a straightforward statement of the exemption of specified materials from the operation of laws which would require their disclosure. The unqualified nature of this exemption becomes particularly clear when the introductory language of section 403g is compared with that of 50 U.S.C. § 403h (1970), also part of the Central Intelligence Agency Act, which specifically mandates an initial determination by government officials that the admission of particular aliens is in the interest of national security or the national intelligence mission.[13] From a comparison of these two statutory sections, it seems clear that, in section 403g, Congress has already made any required determinations concerning intelligence security, while in section 403h, it has left those judgments to be made and shown by the government officials involved on a case-by-case basis.

■ The legislative history of section 403g is scant and makes no mention of the FOIA since that Act was not in existence when the CIA statutes were enacted. However, in referring to the CIA's exemption from 5 U.S.C. § 654,[14] neither the Senate nor the House report makes any mention of the necessity of the CIA's initially establishing that each item of personnel information is related to intelligence security, sources, or methods. The reports merely state that the statutory section "exempts the Agency from the provisions of 5 United States Code 654, ·which require publication of personnel data in the Official Register of the United States."[15] We believe that the unqualified exception section 403g accords to the provisions of 5 U.S.C. § 654 is equally applicable to the second part of the statutory exemption, which refers to "the provisions of any other law which require the publication or disclosure" of the enumerated personnel data.

Finally, section 403g, in its preliminary clause, makes specific reference to 50 U.S.C. § 403(d)(3) (1970), which states that the Director of the CIA has the responsibility for protecting "intelligence sources and methods from unauthorized disclosure." This proviso in section 403(d)(3) has been held by this court to be the type of statute contemplated by exemption 3 of the FOIA, allowing the CIA to withhold various types of information which it might otherwise be required to reveal. *Goland v. CIA*, slip op. at 18–19 (decided under 5 U.S.C. § 552(b)(3) as amended); *Weissman v. CIA*, 184 U.S. App.D.C. at 119, 565 F.2d at 694; *Phillippi v. CIA*, 178 U.S.App.D.C. at 249, 546 F.2d at 1015 n. 14 (decided under exemption 3 as originally enacted).

If, as appellants contend, the CIA must make an initial showing under section 403g that the personnel material requested is linked with intelligence sources and methods or foreign intelligence activities, then section 403g would be mere surplusage, since such a showing would necessarily bring the requested information within the purview of section 403(d)(3) and thereby immunize it from disclosure without the need for a separate statutory exemption. Rather than reading section 403g in such a way that it is subsumed within section

---

**13.** 50 U.S.C. § 403h (1970) (section 7 of the Central Intelligence Agency Act of 1949) provides, in part, as follows:

> Whenever the Director, the Attorney General, and the Commissioner of Immigration shall determine that the entry of a particular alien into the United States for permanent residence is in the interest of national security or essential to the furtherance of the national intelligence mission, such alien and his

immediate family shall be given entry into the United States for permanent residence
. . . .

**14.** 5 U.S.C. § 654 was repealed by Act of July 12, 1960, Pub.L. No. 86–626, 74 Stat. 427.

**15.** S.Rep. No. 106, 81st Cong., 1st Sess. 4 (1949); H.R. Rep. No. 160, 81st Cong., 1st Sess. 5 (1949), U.S. Code Cong. & Admin. News 1949, pp. 1395, 1398.

403(d)(3), we believe instead that Congress intended to create an exemption in section 403g for certain personnel information that could be withheld from disclosure by the CIA without a separate intelligence or security justification.

■ Having decided, therefore, that the CIA is not required under section 403g to make an independent showing of a nexus between the withholding of personnel data and the security of foreign intelligence activities or the protection of intelligence sources and methods, we must now determine whether the regulations and notices requested by appellants in this instance fall within section 403g's cataloguing of protected information. *Goland v. CIA,* slip op. at 20. To make this determination, we must examine the affidavit submitted to the district court by F. W. M. Janney in support of the CIA's exemption 3 claim. In this affidavit, Mr. Janney has specifically listed and described each section of the documents sought by the appellants and withheld by the Agency. From the description, it is evident that the release of the requested hiring and discharging regulations would reveal information about the organization and functions of CIA personnel,[16] while the release of the vacancy notices would also reveal official titles and salaries.[17] Thus, the disclosure exemption established by section 403g clearly encompasses the materials included in the appellants' FOIA request.

Appellants argue, however, that even if section 403g generally exempts the materials they are seeking, there are nevertheless segregable portions of the regulations and notices which should be divulged. While we recognize that the FOIA specifically mandates release of reasonably segregable, non-exempt portions of agency records [18] and empowers the district court to conduct in camera inspection of the requested documents to ensure full compliance with the statutory mandate,[19] we do not believe that further disclosure by the CIA or further action by the district court was required in this case. Again, we base this holding on the Janney affidavit. As required by *Vaughn v. Rosen,* 157 U.S.App.D.C. 340, 347–48, 484 F.2d 820, 827–28 (1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), Mr. Janney has clearly identified and itemized the documents withheld. He has also provided the necessary "relatively detailed analysis" of the justification for the CIA's exemption 3 claim, *id.,* 157 U.S.App.D.C. at 346–47, 484 F.2d at 826–27, stating, in part, that the release of the itemized documents "would compromise intelligence sources and methods in the context of the provisions of 50 U.S.C. § 403g" because "[c]ollectively, the documents . . . reflect management attitudes, techniques, approaches and safeguards, as well as conditions of employment." [20]

■ Based on this affidavit, we do not believe that the CIA's claim of exemption from the FOIA is too sweeping, particularly in view of the precise language of section 403g and its close correlation with exactly the type of personnel regulations and notices requested by appellants. Furthermore, there has been no suggestion of bad faith by the CIA in withholding any of the materials.[21] We therefore agree with the district court that in camera inspection to identify segregable non-exempt portions of the documents was unnecessary.

16. According to Mr. Janney's description of the requested regulations, they set forth certain of the CIA's personnel policies, including those on manpower controls, position and employee evaluation, recruitment, hiring, assignment, promotion, and separation from the Agency. App. at 47–49.

17. The requested vacancy notices are described in the affidavit as setting forth "the title of the vacant position, the grade, the qualifications required for the position, and a detailed description of the nature of the work." *Id.* at 49.

18. 5 U.S.C. § 552(b) (1976).

19. *Id.* § 552(a)(4)(B).

20. App. at 50.

21. As noted earlier, the CIA did release one of the regulations contained in the original FOIA request: HR20–27, which relates to separation of personnel considered surplus to the Agency. *Id.* at 22, 49. Furthermore, the CIA offered, in return for dismissal of the present lawsuit, to allow appellants and their lawyer to examine and take notes on the requested documents for use in any possible litigation over their discharge from the CIA. *Id.* at 31.

## III

We should emphasize before closing that section 403g creates a very narrow and explicit exception to the requirements of the FOIA. Only the specific information on the CIA's personnel and internal structure that is listed in the statute will obtain protection from disclosure. As stated in *Phillippi v. CIA*, 178 U.S.App.D.C. at 249 n. 14, 546 F.2d at 1015 n. 14, "there is no indication that the section is to be read as a provision authorizing the Agency to withhold any information it may not, for some reason, desire to make public." Moreover, in keeping with the legislative intent embodied in the FOIA, we would urge the CIA to accede to all reasonable information requests when the security and functioning of the Agency would not thereby be compromised, even in circumstances in which the information requested would technically fall within one of the FOIA's exemptions. In this case, however, based on the explicitness of the language in section 403g and the adequacy of the affidavit supporting Agency nondisclosure, we affirm the district court's decision that the personnel materials requested by the appellants were properly withheld by the CIA under exemption 3 of the FOIA.

*Affirmed.*